IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

FILED
IN OPEN COURT

JUL 1 4 2021

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) CRIMINAL NO. 2:21-CR-89 |
| v. | ) |
| | ) 18 U.S.C. § 371 |
| DARREN LEE WALKER, | ) Conspiracy |
| a/k/a "Dee," | ) (Count 1) |
| | ) |
| | ) 18 U.S.C. §§ 922(a)(6) & 924(a)(2) |
| Defendant. | ) False Statement During Purchase of Firearm |
| | ) (Counts 2, 5, 8, 11, 14, 17, 20, and 23) |
| | ) |
| | ) 18 U.S.C. § 924(a)(1)(A) |
| | ) False Statement Causing Federally Licensed |
| | ) Firearms Dealer to Maintain False Records |
| | ) (Counts 3, 6, 9, 12, 15, 18, 21, and 24) |
| | ) |
| | ) 18 U.S.C. §§ 922(g)(1) & 924(a)(2) |
| | ) Felon in Possession of Firearm |
| | ) (Counts 4, 7, 10, 13, 16, 19, 22, and 25) |
| | ) |
| | ) 18 U.S.C. § 924(d), |
| | ) 28 U.S.C. § 2461 |
| | ) Criminal Forfeiture |

**INDICTMENT**

*July 2021 Term – at Norfolk, Virginia*

THE GRAND JURY CHARGES THAT:

<u>COUNT ONE</u>

From in or about August 2018 to in or about July 2020, the exact dates to the Grand Jury being unknown, within the Eastern District of Virginia and elsewhere, the defendant, DARREN LEE WALKER, a/k/a "Dee," knowingly and willfully conspired and agreed with other persons both known and unknown to the grand jury to commit offenses against the United States, that is, to acquire firearms through the use of straw purchasers who knowingly provided false and

misleading information, and made false and fictitious oral and written statements to federally licensed firearms dealers, intended to deceive such dealers with respect to any fact material to the lawfulness of the sale of a firearm, and who knowingly made false statements and representations with respect to information required to be kept in the records of the firearms dealer, in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(1)(a).

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Eastern District of Virginia:

a. On or about August 13, 2018, within the Eastern District of Virginia, the defendant, DARREN LEE WALKER, a/k/a "Dee," arranged the straw purchase of a Taurus, Model G2C, 9mm semi-automatic pistol and a Taurus, Model PT111 G2, 9mm semi-automatic pistol from Exclusive Pawn & Guns, a federally licensed firearms dealer.

b. On or about September 1, 2018, within the Eastern District of Virginia, the defendant, DARREN LEE WALKER, a/k/a "Dee," arranged the straw purchase of a SCCY, Model CPX-2, 9mm semi-automatic pistol from Exclusive Pawn & Guns, a federally licensed firearms dealer.

c. On or about September 1, 2018, within the Eastern District of Virginia, the defendant, DARREN LEE WALKER, a/k/a "Dee," arranged the straw purchase of a Taurus, Model 740 Slim, .40 caliber semi-automatic pistol from Precision Pawn, a federally licensed firearms dealer.

d. On or about July 7, 2019, within the Eastern District of Virginia, the defendant, DARREN LEE WALKER, a/k/a "Dee," arranged the straw purchase of a

Taurus, Model PT111 G2, 9mm semi-automatic pistol and a Taurus, Model PT145, .45 caliber semi-automatic pistol from Cash Money Pawn, a federally licensed firearms dealer.

e. On or about April 17, 2020, within the Eastern District of Virginia, the defendant, DARREN LEE WALKER, a/k/a "Dee," arranged the straw purchase of a Taurus, Model 1911, .45 caliber semi-automatic pistol from CE Tactical, a federally licensed firearms dealer.

f. On or about April 27, 2020, within the Eastern District of Virginia, the defendant, DARREN LEE WALKER, a/k/a "Dee," arranged the straw purchase of a Glock, Model 43, .40 caliber semi-automatic pistol and a Taurus, Model G2C, 9mm semi-automatic pistol from CE Tactical, a federally licensed firearms dealer.

g. On or about April 27, 2020, within the Eastern District of Virginia, the defendant, DARREN LEE WALKER, a/k/a "Dee," arranged the straw purchase of a Glock, Model 29 Gen 4, 10mm semi-automatic pistol and a Smith & Wesson, Model M&P Shield 40, .40 caliber semi-automatic pistol from Chesapeake Pawns, Inc., a federally licensed firearms dealer.

h. On or about May 14, 2020, within the Eastern District of Virginia, the defendant, DARREN LEE WALKER, a/k/a "Dee," arranged the straw purchase of two Taurus, Model G2C, 9mm semi-automatic pistols and a Taurus, Model Millennium G2, 9mm semi-automatic pistol from Cash Money Pawn, a federally licensed firearms dealer.

(In violation of Title 18, United States Code, Sections 371 and 2)

## COUNT TWO

On or about August 13, 2018, in Suffolk, Virginia, within the Eastern District of Virginia, the defendant, DARREN LEE WALKER, a/k/a "Dee," and a co-conspirator (CC-1), aided and

abetted by each other, in connection with the acquisition of a Taurus, Model G2C, 9mm semi-automatic pistol and a Taurus, Model PT111 G2, 9mm semi-automatic pistol from Exclusive Pawn & Guns, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement that was intended and likely to deceive Exclusive Pawn & Guns as to a fact material to the lawfulness of the sale of those firearms under Chapter 44, Title 18, in that CC-1 did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives form 4473, Firearms Transaction Record, to the effect that CC-1 was the actual buyer of the firearms indicated on the form 4473, when in fact and as the defendant and CC-1 then knew, CC-1 was not the actual buyer of the firearms.

(In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2)

### COUNT THREE

On or August 13, 2018, in Suffolk, Virginia, within the Eastern District of Virginia, the defendant, DARREN LEE WALKER, a/k/a "Dee," and CC-1, aided and abetted by each other, knowingly made a false statement and representation to Exclusive Pawn & Guns, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Exclusive Pawn & Guns, in that CC-1 did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives form 4473, Firearms Transaction Record, to the effect that CC-1 was the actual buyer of the firearms indicated on the form 4473, when in fact and as the defendant and CC-1 then knew, CC-1 was not the actual buyer of the firearms.

(In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2)

## COUNT FOUR

On or about August 13, 2018, in Suffolk, Virginia, within the Eastern District of Virginia, the defendant, DARREN LEE WALKER, a/k/a "Dee," knowing that he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and firearms, to wit, a Taurus, Model G2C, 9mm semi-automatic pistol and a Taurus, Model PT111 G2, 9mm semi-automatic pistol, said firearms having been shipped and transported in interstate and foreign commerce.

(In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2))

## COUNT FIVE

On or about September 1, 2018, in Suffolk, Virginia, within the Eastern District of Virginia, the defendant, DARREN LEE WALKER, a/k/a "Dee," and a co-conspirator (CC-2), aided and abetted by each other, in connection with the acquisition of a SCCY, Model CPX-2, 9mm semi-automatic pistol from Exclusive Pawn & Guns, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement that was intended and likely to deceive Exclusive Pawn & Guns as to a fact material to the lawfulness of the sale of that firearm under Chapter 44, Title 18, in that CC-2 did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives form 4473, Firearms Transaction Record, to the effect that CC-2 was the actual buyer of the firearm indicated on the form 4473, when in fact and as the defendant and CC-2 then knew, CC-2 was not the actual buyer of the firearm.

(In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2)

## COUNT SIX

On or about September 1, 2018, in Suffolk, Virginia, within the Eastern District of Virginia, the defendant, DARREN LEE WALKER, a/k/a "Dee," and CC-2, aided and abetted by each other, knowingly made a false statement and representation to Exclusive Pawn & Guns, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Exclusive Pawn & Guns, in that CC-2 did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives form 4473, Firearms Transaction Record, to the effect that CC-2 was the actual buyer of the firearm indicated on the form 4473, when in fact and as the defendant and CC-2 then knew, CC-2 was not the actual buyer of the firearm.

(In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2)

## COUNT SEVEN

On or about September 1, 2018, in Suffolk, Virginia, within the Eastern District of Virginia, the defendant, DARREN LEE WALKER, a/k/a "Dee," knowing that he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit, a SCCY, Model CPX-2, 9mm semi-automatic pistol, said firearm having been shipped and transported in interstate and foreign commerce.

(In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2))

## COUNT EIGHT

On or about September 1, 2018, in Suffolk, Virginia, within the Eastern District of Virginia, the defendant, DARREN LEE WALKER, a/k/a "Dee," and CC-2, aided and abetted by each other, in connection with the acquisition of a Taurus, Model 740 Slim, .40 caliber semi-automatic pistol from Precision Pawn, a licensed dealer of firearms within the meaning of Chapter 44, Title 18,

United States Code, knowingly made a false and fictitious written statement that was intended and likely to deceive Precision Pawn as to a fact material to the lawfulness of the sale of that firearm under Chapter 44, Title 18, in that CC-2 did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives form 4473, Firearms Transaction Record, to the effect that CC-2 was the actual buyer of the firearm indicated on the form 4473, when in fact and as the defendant and CC-2 then knew, CC-2 was not the actual buyer of the firearm.

(In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2)

## COUNT NINE

On or about September 1, 2018, in Suffolk, Virginia, within the Eastern District of Virginia, the defendant, DARREN LEE WALKER, a/k/a "Dee," and CC-2, aided and abetted by each other, knowingly made a false statement and representation to Precision Pawn, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Precision Pawn, in that CC-2 did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives form 4473, Firearms Transaction Record, to the effect that CC-2 was the actual buyer of the firearm indicated on the form 4473, when in fact and as the defendant and CC-2 then knew, CC-2 was not the actual buyer of the firearm.

(In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2)

## COUNT TEN

On or about September 1, 2018, in Suffolk, Virginia, within the Eastern District of Virginia, the defendant, DARREN LEE WALKER, a/k/a "Dee," knowing that he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit, a Taurus, Model 740 Slim, .40 caliber semi-automatic pistol, said

firearm having been shipped and transported in interstate and foreign commerce.

(In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2))

## COUNT ELEVEN

On or about July 7, 2019, in Portsmouth, Virginia, within the Eastern District of Virginia, the defendant, DARREN LEE WALKER, a/k/a "Dee," and CC-1, aided and abetted by each other, in connection with the acquisition of a Taurus, Model PT111 G2, 9mm semi-automatic pistol and a Taurus, Model PT145, .45 caliber semi-automatic pistol from Cash Money Pawn, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement that was intended and likely to deceive Cash Money Pawn as to a fact material to the lawfulness of the sale of those firearms under Chapter 44, Title 18, in that CC-1 did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives form 4473, Firearms Transaction Record, to the effect that CC-1 was the actual buyer of the firearms indicated on the form 4473, when in fact and as the defendant and CC-1 then knew, CC-1 was not the actual buyer of the firearms.

(In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2)

## COUNT TWELVE

On or about July 7, 2019, in Portsmouth, Virginia, within the Eastern District of Virginia, the defendant, DARREN LEE WALKER, a/k/a "Dee," and CC-1, aided and abetted by each other, knowingly made a false statement and representation to Cash Money Pawn, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Cash Money Pawn, in that CC-1 did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives form 4473, Firearms Transaction Record, to the effect

8

that CC-1 was the actual buyer of the firearms indicated on the form 4473, when in fact and as the defendant and CC-1 then knew, CC-1 was not the actual buyer of the firearms.

(In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2)

### COUNT THIRTEEN

On or about July 7, 2019, in Portsmouth, Virginia, within the Eastern District of Virginia, the defendant, DARREN LEE WALKER, a/k/a "Dee," knowing that he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and firearms, to wit, a Taurus, Model PT111 G2, 9mm semi-automatic pistol and a Taurus, Model PT145, .45 caliber semi-automatic pistol, said firearms having been shipped and transported in interstate and foreign commerce.

(In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2))

### COUNT FOURTEEN

On or about April 17, 2020, in Suffolk, Virginia, within the Eastern District of Virginia, the defendant, DARREN LEE WALKER, a/k/a "Dee," and CC-2, aided and abetted by each other, in connection with the acquisition of a Taurus, Model 1911, .45 caliber semi-automatic pistol from CE Tactical, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement that was intended and likely to deceive CE Tactical as to a fact material to the lawfulness of the sale of that firearm under Chapter 44, Title 18, in that CC-2 did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives form 4473, Firearms Transaction Record, to the effect that CC-2 was the actual buyer of the firearm indicated on the form 4473, when in fact and as the defendant and CC-2 then knew, CC-2 was not the actual buyer of the firearm.

(In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2)

## COUNT FIFTEEN

On or about April 17, 2020, in Suffolk, Virginia, within the Eastern District of Virginia, the defendant, DARREN LEE WALKER, a/k/a "Dee," and CC-2, aided and abetted by each other, knowingly made a false statement and representation to CE Tactical, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of CE Tactical, in that CC-2 did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives form 4473, Firearms Transaction Record, to the effect that CC-2 was the actual buyer of the firearm indicated on the form 4473, when in fact and as the defendant and CC-2 then knew, CC-2 was not the actual buyer of the firearm.

(In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2)

## COUNT SIXTEEN

On or about April 17, 2020, in Suffolk, Virginia, within the Eastern District of Virginia, the defendant, DARREN LEE WALKER, a/k/a "Dee," knowing that he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit, a Taurus, Model 1911, .45 caliber semi-automatic pistol, said firearm having been shipped and transported in interstate and foreign commerce.

(In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2))

## COUNT SEVENTEEN

On or about April 27, 2020, in Suffolk, Virginia, within the Eastern District of Virginia, the defendant, DARREN LEE WALKER, a/k/a "Dee," and CC-2, aided and abetted by each other, in connection with the acquisition of a Glock, Model 23, .40 caliber semi-automatic pistol and a Taurus, Model G2C, 9mm semi-automatic pistol from CE Tactical, a licensed dealer of firearms

within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement that was intended and likely to deceive CE Tactical as to a fact material to the lawfulness of the sale of those firearms under Chapter 44, Title 18, in that CC-2 did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives form 4473, Firearms Transaction Record, to the effect that CC-2 was the actual buyer of the firearms indicated on the form 4473, when in fact and as the defendant and CC-2 then knew, CC-2 was not the actual buyer of the firearms.

(In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2)

## COUNT EIGHTEEN

On or about April 27, 2020, in Suffolk, Virginia, within the Eastern District of Virginia, the defendant, DARREN LEE WALKER, a/k/a "Dee," and CC-2, aided and abetted by each other, knowingly made a false statement and representation to CE Tactical, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of CE Tactical, in that CC-2 did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives form 4473, Firearms Transaction Record, to the effect that CC-2 was the actual buyer of the firearms indicated on the form 4473, when in fact and as the defendant and CC-2 then knew, CC-2 was not the actual buyer of the firearm.

(In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2)

## COUNT NINETEEN

On or about April 27, 2020, in Suffolk, Virginia, within the Eastern District of Virginia, the defendant, DARREN LEE WALKER, a/k/a "Dee," knowing that he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly

11

possessed a firearm and firearms, to wit, a Glock, Model 23, .40 caliber semi-automatic pistol and a Taurus, Model G2C, 9mm semi-automatic pistol, said firearms having been shipped and transported in interstate and foreign commerce.

(In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2))

### COUNT TWENTY

On or about April 27, 2020, in Chesapeake, Virginia, within the Eastern District of Virginia, the defendant, DARREN LEE WALKER, a/k/a "Dee," and CC-2, aided and abetted by each other, in connection with the acquisition of a Glock, Model 29 Gen 4, 10mm semi-automatic pistol and a Smith & Wesson, Model M&P Shield 40, .40 caliber semi-automatic pistol from Chesapeake Pawns, Inc., a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made false and fictitious written statements that were intended and likely to deceive Chesapeake Pawns as to a fact material to the lawfulness of the sale of those firearms under Chapter 44, Title 18, in that CC-2 did execute two Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives forms 4473, Firearms Transaction Records, one for each firearm, to the effect that CC-2 was the actual buyer of the firearms indicated on the forms 4473, when in fact and as the defendant and CC-2 then knew, CC-2 was not the actual buyer of the firearms.

(In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2)

### COUNT TWENTY-ONE

On or about April 27, 2020, in Chesapeake, Virginia, within the Eastern District of Virginia, the defendant, DARREN LEE WALKER, a/k/a "Dee," and CC-2, aided and abetted by each other, knowingly made false statements and representations to Chesapeake Pawns, Inc., a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, with

respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Chesapeake Pawns, in that CC-2 did execute two Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives forms 4473, Firearms Transaction Records, to the effect that CC-2 was the actual buyer of the firearms indicated on the forms 4473, when in fact and as the defendant and CC-2 then knew, CC-2 was not the actual buyer of the firearm.

(In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2)

## COUNT TWENTY-TWO

On or about April 27, 2020, in Suffolk, Virginia, within the Eastern District of Virginia, the defendant, DARREN LEE WALKER, a/k/a "Dee," knowing that he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and firearms, to wit, a Glock, Model 29 Gen 4, 10mm semi-automatic pistol and a Smith & Wesson, Model M&P Shield 40, .40 caliber semi-automatic pistol, said firearms having been shipped and transported in interstate and foreign commerce.

(In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2))

## COUNT TWENTY-THREE

On or about May 14, 2020, in Portsmouth, Virginia, within the Eastern District of Virginia, the defendant, DARREN LEE WALKER, a/k/a "Dee," and CC-1, aided and abetted by each other, in connection with the acquisition of two Taurus, Model G2C, 9mm semi-automatic pistols and a Taurus, Model Millennium G2, 9mm semi-automatic pistol from Cash Money Pawn, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement that was intended and likely to deceive Cash Money Pawn as to a fact material to the lawfulness of the sale of those firearms under Chapter 44, Title 18, in that CC-1 did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and

Explosives form 4473, Firearms Transaction Record, to the effect that CC-1 was the actual buyer of the firearms indicated on the form 4473, when in fact and as the defendant and CC-1 then knew, CC-1 was not the actual buyer of the firearms.

(In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2)

## COUNT TWENTY-FOUR

On or about May 14, 2020, in Portsmouth, Virginia, within the Eastern District of Virginia, the defendant, DARREN LEE WALKER, a/k/a "Dee," and CC-1, aided and abetted by each other, knowingly made a false statement and representation to Cash Money Pawn, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Cash Money Pawn, in that CC-1 did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives form 4473, Firearms Transaction Record, to the effect that CC-1 was the actual buyer of the firearms indicated on the form 4473, when in fact and as the defendant and CC-1 then knew, CC-1 was not the actual buyer of the firearms.

(In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2)

## COUNT TWENTY-FIVE

On or about May 14, 2020, in Portsmouth, Virginia, within the Eastern District of Virginia, the defendant, DARREN LEE WALKER, a/k/a "Dee," knowing that he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and firearms, to wit, two Taurus, Model G2C, 9mm semi-automatic pistols and a Taurus, Model Millennium G2, 9mm semi-automatic pistol, said firearms having been shipped and transported in interstate and foreign commerce.

(In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2))

## CRIMINAL FORFEITURE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

1. The defendant, if convicted of any of the violations alleged in this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any firearm or ammunition involved in or used in the violation.

2. If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

3. The property subject to forfeiture includes, but is not limited to, the following:

   a. One Glock, Model 29 Gen 4, 10mm semi-automatic pistol and any related magazines and ammunition;

   b. One Glock, Model 23, .40 caliber semi-automatic pistol and any related magazines and ammunition;

   c. One SCCY, Model CPX-2, 9mm semi-automatic pistol and any related magazines and ammunition;

   d. One Smith & Wesson, Model M&P Shield 40 2.0, .40 caliber semi-automatic pistol and any related magazines and ammunition;

   e. One Taurus, Model 740 Slim, .40 caliber semi-automatic pistol and any related magazines and ammunition;

   f. One Taurus, Model 1911, .45 caliber semi-automatic pistol and any related magazines and ammunition;

   g. One Taurus, Model G2C, 9mm semi-automatic pistol and any related magazines and ammunition;

   h. Another Taurus, Model G2C, 9mm semi-automatic pistol and any related magazines and ammunition;

   i. A third Taurus, Model G2C, 9mm semi-automatic pistol and any related magazines

and ammunition;

j. A fourth Taurus, Model G2C, 9mm semi-automatic pistol and any related magazines and ammunition;

k. One Taurus, Model Millennium G2, 9mm semi-automatic pistol and any related magazines and ammunition

l. One Taurus, Model PT111 G2, 9mm semi-automatic pistol and any related magazines and ammunition;

m. Another Taurus, Model PT111 G2, 9mm semi-automatic pistol and any related magazines and ammunition; and

n. One Taurus, Model PT145, .45 caliber semi-automatic pistol and any related magazines and ammunition;

(In accordance with Title 18, United States Code, Section 924(d); and Title 28, United States Code, Section 2461)

*United States v. Darren Lee Walker*, 2:21CR\_\_89\_\_

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.

A TRUE BILL:

**REDACTED COPY**

_____
FOREPERSON

Raj Parekh
ACTING UNITED STATES ATTORNEY

By: _____
Amanda L. Turner
William B. Jackson
Assistant United States Attorneys
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number: (757) 441-6331
Facsimile Number: (757) 441-3205
Email Address: amanda.turner@usdoj.gov
         william.jackson3@usdoj.gov